# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

|  |  |
|---|---|
| **In Re:**<br><br>**RICHARD MICHAEL MCGUIRE and DOLORES SUE MCGUIRE,**<br><br>**Debtors.** | **Bankruptcy Case No. 12-41681-JDP** |

## MEMORANDUM OF DECISION

On March 19, 2014, the attorneys for chapter 7[1] trustee Gary L. Rainsdon ("Trustee"), Racine, Olson, Nye Budge and Bailey, Chartered ("Trustee's Counsel"), filed an Application for Compensation requesting approval and payment for services representing Trustee in this bankruptcy case. Dkt. No. 75. Debtors Richard and Dolores McGuire objected to the Application, and in that objection, also sought an award of attorneys fees

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037

MEMORANDUM OF DECISION - 1

and costs incurred in opposing the Application. Dkt. No. 78. The Court heard oral argument from the parties on May 12, 2014, and took the issues under advisement.

On May 23, 2014, Trustee's Counsel withdrew the Application. Dkt. No. 80. When the Application was withdrawn, on May 28, 2014, the Court entered an order requiring Trustee's Counsel to respond to Debtors' request for an award of attorneys fees and costs, and allowing Debtors to reply. On June 6, 2014, Trustee's Counsel filed its response, Dkt. No. 83; on June 13, 2014, Debtors filed a reply. Dkt. No. 84.

Having considered the submissions of the parties, and no further hearing being necessary, this Memorandum disposes of the issues.[2]

*Facts*

Debtors filed a chapter 7 bankruptcy petition on December 12, 2012. Dkt. No. 1. Trustee thereafter liquidated certain of Debtors' non-exempt assets, thereby generating about $13,950. Dkt. No. 31 at ¶ 3. With funds

---

[2] The Memorandum constitutes the Court's findings of fact and conclusions of law. *See* Rules 9014 and 7052.

MEMORANDUM OF DECISION - 2

to distribute, on January 22, 2013, Trustee filed a notice of assets, and creditors were advised to file proofs of claim within 90 days of the notice, warning that "[c]reditors who do not file a proof of claim on or before this date will not share in any distribution from the debtors['] estate." Dkt. No. 22. No creditors filed timely claims.

On June 3, 2013 (132 days after the date of Trustee's notice), creditor Utah Central Credit Union ("Creditor") filed a tardy proof of claim. Proof of Claim No. 1-1. On June 18, 2013, using negative notice, Debtors objected to the allowance of Creditor's proof of claim on several grounds. Dkt. No. 30. Although Creditor failed to respond to Debtors' objection at all, Trustee nevertheless filed a response on June 25, 2013, arguing that Creditor's claim should be allowed because, in part, Debtors' schedules had listed Creditor's claim which, Trustee argued, established *prima facie* that they owed the debt. Dkt. No. 31.

On July 10, 2013, Debtors filed an amended Schedule F listing the amounts due to Creditor as disputed and unliquidated. Dkt. No. 34.

MEMORANDUM OF DECISION - 3

Then, on July 25, 2013, Trustee, acting through Trustee's Counsel,[3] filed a motion requesting that Debtors appear for a Rule 2004 examination. Dkt. No. 40. Debtors filed an objection to the Rule 2004 motion, asserting that Trustee had no legitimate interest in taking the exam, and that it was an attempt to "sidestep Debtors' due process rights in contested actions, and the [m]otion amounts to harassment of [] Debtors." Dkt. No. 41 at 1. Debtor also filed a brief in support of their objection to Creditor's proof of claim. Dkt. No. 45. In the brief, Debtors challenged the Trustee's standing to respond to Debtors' objection and to defend Creditor's proof of claim. *Id.* at 1-2. Debtors further pointed out that Creditor's proof of claim indicated that Creditor had sold Debtors' collateral postpetition, on December 27, 2012, in violation of the automatic stay. *Id.* at ¶ 12. Based on this violation, and for other reasons, Debtors argued that Creditor's claim should be disallowed. *Id.* at ¶ 15.

At an August 27, 2013, hearing, the Court questioned Trustee's

---

[3] All further actions by Trustee referred to herein were undertaken through Trustee's Counsel.

MEMORANDUM OF DECISION - 4

Counsel regarding Trustee's legal standing to defend Creditor's proof of claim under these circumstances; the Court ordered the parties to brief the standing issue. Before filing a brief on the issue of standing, however, Trustee entered into a stipulation with Creditor. Dkt. No. 47. The stipulation recited that upon learning from Debtors' brief that Creditor sold Debtors' property in violation of the automatic stay, Trustee and Creditor agreed to avoid the costs of "litigating the stay violation transaction and unwinding the sale of the [collateral] and agree to amicably resolve . . . [the] dispute . . . ." *Id.* at ¶¶ 8, 12. Trustee and Creditor agreed that Creditor would give Trustee the proceeds of the postpetition sale of Debtors' vehicle in the amount of $10,100, and in exchange, Trustee agreed that Creditor would have an allowed, unsecured claim in the amount of $44,265.32. *Id.* at Agreement ¶¶ 1-2. Trustee then filed a motion to approve this compromise under Rule 9019, which was set for a hearing before the Court on September 30, 2013. Dkt. Nos. 48 and 49. However, on its own motion, the Court vacated the hearing date so that the issues raised by Debtors' objection to Creditor's claim could be

MEMORANDUM OF DECISION - 5

decided.

As ordered, Trustee filed a brief addressing his standing to oppose Debtors' objection to Creditor's proof of claim. Dkt. No. 50. In their response, Debtors restated the argument that Trustee lacked standing to argue in support of Creditor's proof of claim, and that the claim should be disallowed because it was untimely and based on a deficiency amount obtained in violation of the automatic stay and in violation of state law. Dkt. No. 51.

On October 4, 2013, the Court announced an oral ruling, and filed an order memorializing that ruling, in which it struck Trustee's response to Debtors' Objection to Creditor's proof of claim because Trustee lacked legal standing, sustained Debtors' Objection, and disallowed Creditor's claim. Dkt. Nos. 56, 57. The Court's order also denied Trustee's Amended Motion for a Rule 2004 Examination deeming such an examination unnecessary, and requested further briefing concerning Trustee's Motion to Approve Compromise. Dkt. No. 57.

The parties filed briefs regarding the proposed compromise. Dkt.

MEMORANDUM OF DECISION - 6

Nos. 59, 60.  The Court heard oral arguments regarding the compromise, and ruled the Trustee had not demonstrated that the compromise was appropriate, largely because there was no reason to condone a payment by Creditor to Trustee solely so that Trustee could distribute a portion of the funds back to Creditor, after payment of compensation and expenses to Trustee and Trustee's Counsel.  Dkt. Nos. 72, 73.

On October 15, 2013, another creditor, Bank of America, filed a claim.  Proof of Claim No. 2-1.  Debtors objected to the claim, Bank of America never responded to the objection, and the Court granted Debtors' objection to the claim.  Dkt. Nos. 62, 68 and 70.

Apparently resigned to the fact that there would be no distribution to creditors because no allowed claims existed, Trustee's Counsel filed an Application for Compensation, Dkt. No. 75, seeking approval of its compensation and costs, and payment of those amounts from the funds previously generated by liquidation of Debtors' assets.  Dkt. No. 75.  Following Debtors' objection, Dkt. No. 78, and the hearing, Dkt. No. 79, the Application was withdrawn, Dkt. No. 80.  Debtors' request for attorney

MEMORANDUM OF DECISION - 7

fees, made in their objection, is now ripe for resolution.

## *Analysis*

During the course of this case, Debtors have repeatedly objected to Trustee's attempts to first create a fund from the liquidation of their assets in a case in which no timely creditor's claims had been filed, and only thereafter, to solicit claims from creditors so the funds could be distributed and he and his attorneys could be paid. Debtors have now requested that the attorneys fees and costs be taxed against Trustee and Trustee's Counsel that they incurred in:

> 1) supplementing their objection to Trustee's Response to Debtors' objection to proof of claim filed by Utah Central Credit Union (Dkt. 45);
>
> 2) objecting to Trustee's motion for a 2004 examination (Dkt. No. 41);
>
> 3) objecting to Trustee's motion to approve the stipulation (Dkt. No. 52);
>
> 4) responding to Trustee's memorandum in support of the stipulation (Dkt. No. 60); and
>
> 5) objecting to Trustee's fee application (Dkt. No. 78).

As a legal basis for their request for fees and costs, Debtors cite to § 105(a)

MEMORANDUM OF DECISION - 8

and to Rule 9011. In the exercise of its discretion, the Court declines to award Debtors fees and costs under these odd facts.

### 1. Attorneys Fees Awards Under § 105(a)

Section 105(a) provides that the bankruptcy court:

may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking an action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Under § 105(a), a bankruptcy court has the inherent authority to sanction parties and attorneys for their conduct in bankruptcy cases. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996). "The inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics." *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009) (quoting *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003) (citing *Fink v. Gomez*, 239 F.3d 989, 992–93 (9th Cir. 2001)). "Before imposing sanctions under its inherent sanctioning authority, a

MEMORANDUM OF DECISION - 9

court must make an explicit finding of bad faith or willful misconduct. . . . With regard to the inherent sanction authority, bad faith or willful misconduct consists of something more egregious than mere negligence or recklessness." *In re Dyer*, 322 F.3d at 1196 (internal citations omitted); *In re Brown*, 408 B.R. 509, 525 (Bankr. D. Idaho 2009). Moreover, the Court's inherent powers under § 105(a) "must be exercised with restraint and discretion." *In re Lehtinen*, 564 F.3d at 1059 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

Sanctionable conduct includes improper litigation tactics (e.g., delaying or disrupting litigation), *In re Lehtinen*, 564 F.3d at 1058, vexatious conduct, *Hale v. United States Tr.*, 509 F.3d 1139, 1148 (9th Cir. 2007), bad faith, wanton conduct, willful abuses of judicial process, and acting in the litigation for an improper purpose or acting for oppressive reasons. *Fink*, 239 F.3d at 991–92; *Dhaliwal v. Singh (In re Singh)*, 2014 WL 842102 at *7 (9th Cir. BAP March 4, 2014).

In this case, the actions undertaken by Trustee and Trustee's Counsel were, in the Court's opinion, at times overzealous, and displayed a lack of

MEMORANDUM OF DECISION - 10

prudence and good judgment. From early on in this case, all but one of Debtors' creditors showed absolutely no interest in getting paid. Despite this, Trustee nonetheless liquidated Debtors' non-exempt assets, and with the help of his lawyers, attempted to ensure that the funds he generated would be distributed, even after realizing that the sole creditor filing a proof of claim had violated the automatic stay by selling Debtors' vehicle after the bankruptcy case was filed. Then, after it appeared there would be no allowed claims filed, Trustee nonetheless sought to recover the value of the collateral improperly sold by Creditor, even though in doing so, he would be duty-bound to pay most of the recovery right back to that Creditor. Under these facts, arguably, Trustee and his attorneys seemed more interested in getting paid, without regard to Debtors' interest in seeing the bankruptcy case concluded, and any excess funds returned to them.

In retrospect, the events of this case seem bizarre. And on this record, the Court declines to conclude that the actions and tactics of Trustee and Trustee's Counsel amounted to bad faith or willful

MEMORANDUM OF DECISION - 11

misconduct.  A trustee's primary duty is to collect and reduce to money property of the estate.  § 704(1).  While the Court questions Trustee's decision to liquidate Debtors' assets even before he knew if any creditors would file allowed claims, such a decision is a matter committed to a trustee's discretion, and the Court is not prepared to penalize Trustee "after-the-fact" for his zeal.  The Court therefore declines to award Debtors their attorneys fees and costs as a sanction under the Court's inherent authority.[4]

### 2.  Attorneys Fees Under Rule 9011

Rule 9011 provides that, when presenting to the Court by way of signing or submitting a document, or advocating before the Court, the attorney is "certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, — . . . (2) the claims, defenses, and other legal contentions

---

[4] Though the administration of the bankruptcy estate in this case was unduly complicated, Debtors no doubt enjoyed considerable benefits from the process.  They received a discharge of a significant amount of debt, and will likely, eventually, receive the funds generated through Trustee's efforts.

MEMORANDUM OF DECISION - 12

therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"  When a violation of Rule 9011 occurs, subsection (c) allows the Court to impose sanctions.  However, the rule incorporates a specific procedure which must be strictly observed as a predicate to the imposition of any sanction.  First, a "motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate [the rule]."  Rule 9011(c)(1)(A).  Furthermore, the rule contains a "safe harbor" provision, requiring that the motion may not be filed with the Court "unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . ."  *Id*.

None of those procedural formalities were followed here.  Debtors did not seek Rule 9011 sanctions by way of a separate motion, nor did they provide the Trustee or Trustee's Counsel a 21-day "safe harbor" notice.  Because the Rule instructs that sanctions motions "shall" be made as prescribed, those procedural requirements are not discretionary.  *Chase v.*

MEMORANDUM OF DECISION - 13

*Kosmala (In re Loyd)*, 304 B.R. 372, 374 (9th Cir. BAP 2003); *In re Erkins*, 00.4 IBCR 171, 173 (Bankr. D. Idaho 2000) (Rule 9011 "requires that a motion for sanctions be made separately from other motions or requests for relief. Creditor's motion for sanctions is found within its motion to dismiss. While the requirement of the Rule seems hyper-technical, its mandate is clear. Creditor having failed to comply with Rule 9011, the Court declines to award sanctions.").

The Court will not award Debtors attorneys fees pursuant to Rule 9011 in this case.

## *Conclusion*

Debtors have not demonstrated that the actions of Trustee or Trustee's Counsel in this case amount to bad faith or willful misconduct. Furthermore, Debtors did not comply with the procedural requirements for an award of sanctions under Rule 9011. Accordingly, the Court will, in a separate order, deny Debtors' request for an award of attorneys fees.

Dated: September 8, 2014

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 15